OPINION
{¶ 1} Defendant-appellant, Benjamin Bach, appeals his conviction in the Warren County Court for receiving stolen property and forgery.[1]
 {¶ 2} Appellant was indicted on one count of receiving stolen property in violation of R.C. 2913.71 and on ten counts of forgery in violation of R.C. 2913.31(A)(3). He filed a motion for intervention in lieu of conviction pursuant to R.C. 2951.041. The trial court held a hearing on the motion, but after consideration of the merits, denied the motion on the grounds that granting intervention would demean the seriousness of the offense. Appellant then pled guilty to one count of receiving stolen property and five counts of forgery and the other five counts of forgery were dismissed. The trial court sentenced appellant to three years of community control.
 {¶ 3} On appeal, appellant raises one assignment of error, in which he argues that the trial court abused its discretion in denying his motion for intervention in lieu of conviction.
 {¶ 4} R.C. 2951.041 provides that a defendant charged with certain types of offenses may request intervention in lieu of conviction. In enacting R.C. 2951.041, "the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." State v. Shoaf
(2000), 140 Ohio App.3d 75, 77, citing State v. Baker (1998),131 Ohio App.3d 507, 510. The decision to grant or deny a motion for intervention in lieu of conviction lies in the trial court's sound discretion. State v. Gadd (1990), 66 Ohio App.3d 278,283.
 {¶ 5} However, in this case, appellant entered a guilty plea as part of a plea bargain. A plea of guilty is a complete admission of guilt. Crim.R. 11(B)(1). It is well-established that a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although the defendant may contest the constitutionality of the plea itself. Ross v. Auglaize Cty.Court of Common Pleas (1972), 30 Ohio St.2d 323; State v. West
(1999), 139 Ohio App.3d 45, 52; State v. Bonnet (Mar. 3, 1997), Warren App. No. CA96-07-059. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. State v. Spates (1992), 64 Ohio St.3d 269, 272. When a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he can not thereafter raise independent claims relating to events that occurred prior to the entry of the guilty plea. Id.
 {¶ 6} Because appellant pled guilty to the offenses, he waived his right to challenge the trial court's ruling on whether intervention in lieu of conviction was appropriate. Appellant's assignment of error is therefore overruled.
 {¶ 7} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.