**The STATE of Ohio, Appellee,**

v.

**DRAGER, Appellant.**

[Cite as *State v. Drager*, 167 Ohio App.3d 47, 2006-Ohio-2329.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2005 CA 68.

Decided May 5, 2006.

William F. Scheck, Greene County Prosecuting Attorney, and David D. Hayes, Assistant Prosecuting Attorney, for appellee.

Alan D. Gabel, for appellant.

---

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of Chad Drager, filed June 21, 2005. Drager appeals the Greene County trial court's March 18, 2005 denial of his motion for intervention in lieu of conviction. On April 13, 2005, Drager pleaded no contest to two counts of passing a bad check, in violation of R.C. 2913.11(A), and one count of theft, in violation of R.C. 2913.02(A)(3). He was sentenced on May 24, 2005, to five years of community control.

{¶ 2} Drager had earlier been granted intervention in lieu of conviction on two indictments in Montgomery County. The Montgomery County trial court first granted intervention in lieu of conviction on July 30, 2004, in case number 2004–CR–1727 (four counts of forgery and three counts of receiving stolen property), and on August 25, 2004, in case number 2001–CR–0162 (passing bad checks). The Montgomery and Greene County charges arose from an ongoing course of conduct. Drager had written checks on a closed account to purchase books. He later resold the books for cash to support his drug habit.

{¶ 3} An evidentiary hearing was held on Drager's motion, during which Drager admitted that he had misdemeanor convictions. He testified that he was in the process of completing intervention in lieu of conviction in Montgomery County. The record reveals that Drager was making optimal progress in treatment. He had completed the 90–day STOP program. He also had completed a program at Booth House, which includes continued AA/NA meetings. The record establishes that Drager was working fulltime at Café Boulevard in Dayton, Ohio. It was clearly established at the hearing that Drager was complying fully with treatment and supervision on the contemporaneous cases in Montgomery County.

{¶ 4} Conrad Goode, a case manager at Booth House, testified that Drager had successfully completed their drug program as part of the Montgomery County intervention. When asked if, based on his 20 years of experience, he believed that Drager would be "amenable to treatment or any specific condition that a supervising officer would put on him," Goode stated that he found Drager to "be quite amenable to any type of specific conditions as related to any type of supervision. He has demonstrated a highly motivated attitude to turning his life around." He further stated that "there were never any negative reports given or received by Montgomery County's probation officer [concerning Drager]. He was not one to hesitate on following through on suggestions and directions given to him." Goode stated that Drager maintains frequent contact with Booth House and that Goode is aware that Drager is actively pursuing continued treatment.

{¶ 5} Kathy Wilson, from the Greene County Adult Probation Department, testified that she was aware that Drager had never been convicted of a felony. She agreed that "the substance abuse usage by Mr. Drager in this situation was the leading factor which led to his criminal behavior in this case." After reviewing Drager's background, however, Wilson recommended that the trial court deny the motion for intervention because of Drager's misdemeanor criminal history. Wilson acknowledged that a standard assessment was not ordered pursuant to the court's directive, since Montgomery County's report had already been completed for the same purpose. In denying Drager's motion, the trial court held that "[t]he Defendant has a criminal history, albeit misdemeanors back to 2001, and has been currently granted intervention in lieu of conviction in two separate cases in Montgomery County, Ohio, albeit that the offenses were a part of conduct occurring at the same or close in time."

{¶ 6} Drager's sole assignment of error is as follows:

{¶ 7} "The trial court abused its discretion in denying appellant's motion for intervention in lieu of conviction."

{¶ 8} "The granting of a motion for treatment in lieu of conviction lies in the trial court's sound discretion. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment." (Citations omitted.) *State v. DeVoe*, Montgomery App. No. 18999, 2002-Ohio-4333, 2002 WL 1941186, ¶7.

{¶ 9} R.C. 2951.041 allows a trial court to grant rehabilitative drug treatment in lieu of conviction if "an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior." R.C. 2951.041(B) provides that an offender is eligible for intervention in lieu of conviction if the court finds

that nine separate factors are met. The nine factors limit the trial court's discretion to grant intervention in lieu of conviction by identifying individuals, such as those with a previous felony conviction, who are ineligible. R.C. 2951.041(C) provides that if the court determines that "the offender is eligible * * * and grants the offender's request, the court shall accept the offender's plea." R.C. 2951.041(C) further provides, "If the court finds that the offender is not eligible or does not grant the offender's request," then the criminal proceedings continue.

{¶ 10} The parties agree that Drager met all of the eligibility factors in R.C. 2951.041(B).

■ {¶ 11} Given Drager's very successful progress through intervention in Montgomery County, and given that the Greene County offense was part of the same course of conduct that resulted in the Montgomery County offenses (and the ongoing successful intervention in Montgomery County), we conclude that the trial court abused its discretion when it determined that Drager was not a suitable candidate for intervention due to his misdemeanor criminal history. We hold that the trial court acted arbitrarily and contrary to the legislative intent expressed in R.C. 2951.041(C). Had the legislature intended for prior misdemeanors standing alone to bar a grant of intervention in lieu of conviction, it would have said so, but it did not. We accordingly conclude that the trial court erred to Drager's prejudice when it "arbitrarily narrowed the eligibility criterion of this salutary statute." *State v. Fullenkamp* (Oct. 26, 2001), Darke App. No. 2001 CA 1543, 2001 WL 1295372 (sustaining appellant's assignment of error and holding that the trial court "impermissibly engrafted a more stringent predicate condition for eligibility—drug [or alcohol] dependency or the danger of becoming dependent—than intended by the legislature in drafting the current version of R.C. 2951.041"). We note that the trial court derived the benefit of a "dress rehearsal" of sorts on Drager's amenability, given his compliance and treatment success in Montgomery County. That dress rehearsal and the facts adduced at the evidentiary hearing reveal Drager to be a seemingly ideal candidate for intervention in lieu of conviction. There having been an abuse of discretion, Drager's assignment of error is sustained, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY, P.J., and BROGAN, J., concur.