The STATE of Ohio, Appellee,

v.

RICE, Appellant.

[Cite as *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 08CA13.

Decided Jan. 16, 2009.

600

Nick A. Selvaggio, Champaign County Prosecuting Attorney, and Scott D. Schockling, Assistant Prosecuting Attorney, for appellee.

Richard E. Mayhall, for appellant.

----

GRADY, Judge.

{¶ 1} Defendant, Marah Rice, appeals from her conviction and sentence for possession of heroin, possession of marijuana, and possession of cocaine.

{¶ 2} In the fall of 2007, defendant Rice and Christopher Wells shared an apartment in Urbana. On September 20, 2007, Wells overdosed on a combination of drugs. Paramedics and police officers responded to defendant's call for help. Police searched the apartment with defendant's consent and discovered various drugs and drug paraphernalia.

{¶ 3} Defendant was subsequently indicted on 11 drug-related charges. Defendant requested intervention in lieu of conviction pursuant to R.C. 2951.041. The trial court denied defendant's request without a hearing. The court explained that it "notes the various illegal substances claimed to be involved (heroin, cocaine and marijuana)."

{¶ 4} Defendant entered negotiated pleas of no contest to possession of heroin, possession of marijuana, and possession of cocaine, and the state dismissed the remaining charges. The trial court sentenced defendant to three years of community-control sanctions, including completion of substance-abuse counseling, and fined defendant $250.

{¶ 5} Defendant timely appealed to this court from her conviction and sentence. She challenges only the trial court's decision denying her request for intervention in lieu of conviction.

### ASSIGNMENT OF ERROR

{¶ 6} "The trial court erred and abused its discretion in denying Rice's request for intervention in lieu of conviction without a hearing."

{¶ 7} Defendant argues that the trial court abused its discretion in summarily denying her request for intervention in lieu of conviction, without a hearing. Defendant claims that there is nothing in the record that demonstrates that she does not meet all of the eligibility requirements for intervention in lieu of conviction.

{¶ 8} R.C. 2951.041(A)(1) provides:

{¶ 9} "If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading

to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. The request shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, unless the hearing, indictment, or arraignment has already occurred. *The court may reject an offender's request without a hearing.* If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan." (Emphasis added.)

{¶ 10} Pursuant to R.C. 2951.041(A)(1), a court may deny a request for intervention in lieu of conviction without a hearing. *State v. Leisten,* 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673. If the court instead elects to consider the request, the court must conduct a hearing to determine whether the offender meets all of the eligibility requirements in R.C. 2951.041(B) for intervention in lieu of conviction. Id. The decision whether to grant a motion for intervention in lieu of conviction lies within the trial court's sound discretion. Id.; *State v. Lindberg,* Greene App. No. 2005–CA–59, 2006-Ohio-1429, 2006 WL 759655. This court has held that even if an offender satisfies all the eligibility requirements, the trial court has discretion to determine whether the particular offender is a candidate for intervention in lieu of conviction. *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113.

{¶ 11} The state contends that because R.C. 2951.041 does not create any legal right to intervention in lieu of conviction and instead makes the court's decision on a request for that relief purely discretionary, it follows that an order summarily denying a request for intervention in lieu of conviction without a hearing does not affect a "substantial right" for purposes of R.C. 2505.02(B)(2) and is therefore not a final, appealable order. Accordingly, the state argues that this court lacks jurisdiction to review the error that defendant assigns.

{¶ 12} The state's argument misses a critical point. Defendant's appeal is not from the trial court's November 20, 2007 decision and order denying her request for intervention in lieu of conviction. Rather, defendant appeals from the trial court's May 14, 2008 judgment entry of conviction and sentence, which is a final, appealable order, assigning as error that the trial court abused its discretion in denying defendant's request for intervention in lieu of conviction. The issue is whether that final order is tainted by an abuse of discretion in the court's denial of defendant's motion for intervention in lieu of conviction.

{¶ 13} Because the relief of intervention in lieu of conviction necessarily must precede a conviction, and because the merits of a defendant's request for that relief may be determined without a trial of the general issues that the criminal charges against a defendant present, the request is properly made prior to trial pursuant to Crim.R. 12(C). When the request is denied and the defendant enters a plea of no contest and is convicted on her plea, the plea does not preclude a defendant from asserting on appeal that the trial court prejudicially erred in denying her request for intervention in lieu of conviction. Crim.R. 11(I). To prevail, the defendant must demonstrate not only that error occurred, but also that she was prejudiced as a result.

{¶ 14} Though the state's "final order" argument lacks merit, the state's contention in support of its argument points the way to the resolution of the issue that defendant's assignment of error presents. Crim.R. 52(A) defines harmless error and provides: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "A substantial right is, in effect, a legal right that is enforced and protected by law." *State v. Coffman* (2001), 91 Ohio St.3d 125, 127, 742 N.E.2d 644. "R.C. 2951.041 does not create a legal right to intervention in lieu of conviction. Rather, the statute is permissive in nature and provides that the trial court may, in its discretion, grant the defendant an opportunity to participate in the early intervention in lieu of a sentence." *State v. Dempsey*, Cuyahoga App. No. 82154, 2003-Ohio-2579, 2003 WL 21154170, ¶ 9. Therefore, abuse of discretion in denying a defendant's R.C. 2951.041 motion without a hearing is harmless error that an appellate court is charged by Crim.R. 52(A) to disregard, because the defendant could have suffered no prejudice to a legal right enforced and protected by law as a result.

{¶ 15} Defendant-appellant has set out a cogent argument in her brief explaining why the trial court should have granted her motion for intervention in lieu of conviction, or at least conducted a hearing on it. Further, the grounds for denying the motion that the trial court cited, that defendant possessed multiple illegal drugs, is not a matter that excludes defendant from the premises for relief set out in R.C. 2951.041(A)(1), which is that "the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior." Nevertheless, because that section creates not a right of relief but instead a privilege that the trial court possesses "considerable discretion" to deny, *Coffman*, we find that the denial of defendant's request was harmless error and therefore not a basis on which to reverse the judgment of conviction from which defendant's appeal was taken.

{¶ 16} Judge Donovan, in her dissenting opinion, identifies four decisions in which a denial of intervention in lieu of conviction was reversed on appeal because the trial court imposed criteria different from those set out in R.C.

2951.041(B)(1)-(9). Three of those cases involved denials after a hearing: *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113; *State v. Bach,* Warren App. No. CA 2005–05–057, 2006-Ohio-501, 2006 WL 279072; and *State v. Drager,* 167 Ohio App.3d 47, 2006-Ohio-2329, 853 N.E.2d 1180. It is unclear whether the fourth case, *State v. Fullenkamp* (Oct. 26, 2001), Darke App. No. 2001–CA1543, 2001 WL 1295372, involved a hearing, but from the extent of the facts discussed, that appears likely.

{¶ 17} I agree that if the trial court does not reject a defendant's request made pursuant to R.C.2951.041(A) without a hearing, the court is limited to the criteria in R.C. 2941.041(B) in deciding whether to grant intervention in lieu of conviction following the hearing. However, those criteria do not apply to whether to deny the request without a hearing. R.C. 2951.041(A) commits that determination wholly and exclusively to the sound discretion of the trial court. A blanket policy of denying all requests without a hearing, which defendant-appellant argues the Court of Common Pleas of Champaign County applies, would not be an exercise of sound discretion. However, on this record, we have no basis to find that the court has such a policy.

{¶ 18} It is unfortunate that the General Assembly crafted R.C. 2941.041 as it did. That section creates a substantive right of relief, but permits the court to deny the right by overruling the defendant's procedural request for a hearing. If that allows courts disposed against the state's policy favoring intervention in lieu of conviction to undermine that policy by arbitrarily denying the hearing, then the General Assembly should remove that impediment against its policy from R.C. 2941.041.

{¶ 19} The assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

WOLFF, J., concurs.

DONOVAN, J., dissents.

DONOVAN, Judge, dissenting.

{¶ 20} I disagree with the majority's determination that "abuse of discretion in denying a defendant's R.C. 2951.041 motion without a hearing is harmless error." "In enacting R.C. 2951.041, 'the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime.'" *State v. Bach,* Warren App. No. CA2005–05–057, 2006-Ohio-501, 2006 WL 279072, ¶ 4. While R.C. 2951.041 does not create a legal right to intervention in lieu of conviction, Rice has a right

to fair process, and prejudicial error results when the trial court engrafts a stricter eligibility requirement into the statute than is expressly included in the statutory scheme. See *State v. Schmidt*, 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113 (reversed and remanded, holding that the trial court acted arbitrarily by finding that Schmidt was not eligible for intervention in lieu of conviction based upon a dismissed driving-under-the-influence charge, and noting, " [W]e do not believe that the trial court can create its own criteria for an individual even to be eligible for ILC.") See also *State v. Fullenkamp* (Oct. 26, 2001), Darke App. No. CA 1543, 2001 WL 1295372 (holding the trial court "erred to Fullenkamp's prejudice when it arbitrarily narrowed the eligibility criterion of this salutary statute" by requiring drug or alcohol dependency or the danger of becoming dependent as a predicate condition for eligibility).

{¶ 21} R.C. 2951.041(B) provides that an offender is eligible for intervention in lieu of conviction if the court finds that nine separate factors are met. In other words, the nine factors limit the trial court's discretion to grant intervention by identifying defendants who are ineligible. Herein, the trial court for all intents and purposes found Rice ineligible due to her involvement with multiple drugs. The journal entry denying intervention in lieu of conviction states, "Upon consideration of all matters in the case, the Court declines to grant Defendant's motion for intervention in lieu of conviction. The Court notes the various illegal substances claimed to be involved (heroin, cocaine, and marijuana)." Had the legislature intended for multiple-drug involvement to render an otherwise amenable defendant ineligible for intervention in lieu of conviction, it could have said so. See *State v. Drager*, 167 Ohio App.3d 47, 2006-Ohio-2329, 853 N.E.2d 1180. In my view, by imposing a criterion more stringent than that set forth in the statute, the trial court effected a judicial veto of a proper legislative enactment, resulting in prejudicial error.

{¶ 22} Lastly, at oral argument, the state conceded that it did not file a motion in opposition to intervention in this case, and it acknowledged that the trial court has an apparent blanket policy of denying all motions for intervention in lieu of conviction. See *State v. Carter* (1997), 124 Ohio App.3d 423, 428, 706 N.E.2d 409 ("Although the trial court has the discretion to refuse to accept a no-contest plea, it must exercise its discretion based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their situation"). There is a distinction between the refusal to exercise discretion at all and an abuse of discretion that is, in fact, exercised. The legislature specifically provided intervention in lieu of conviction as a sentencing option in felony cases to be applied at the court's discretion. A blanket refusal to consider that option is a refusal to exercise that discretion and an abdication of judicial responsibility.

{¶ 23} A consistent policy that never considers the option of intervention in lieu of conviction has serious consequences for each defendant. If the motion for intervention is granted and the defendant successfully completes the intervention plan, the indictment is dismissed, and the defendant avoids a felony conviction. When such motions are systematically denied, the impact is significant for first time nonviolent offenders, and the crucial analysis should be the impact of the thing done. Where the trial court has a blanket policy of denying all requests for intervention, judicial consideration of whether the individual defendant and the community would benefit by intervention in lieu of conviction rather than conviction is permanently and systematically foreclosed. Here, Rice, at only 19 years of age, a first offender, had her driver's license suspended for seven months, was fined $250, and has two felony convictions of record. I agree with Rice that the objectives of her sentence of supervision and drug treatment could have been accomplished pursuant to a R.C. 2951.041 treatment plan.

{¶ 24} I would reverse and remand for a hearing on eligibility utilizing the correct statutory criteria and with a directive that the trial court conduct an individualized and meaningful review of amenability.