[Cite as *State v. Stanton*, 2013-Ohio-1825.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25298 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. |
| | | 2011-CRB-8056 |
| v. | : | |
| | : | |
| SARAH STANTON | : | (Criminal Appeal from Dayton |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of May, 2013.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, and STEPHANIE L. COOK, Atty. Reg. #0067101, by MATTHEW KORTJOHN, Atty. Reg. #0083743, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

PAMELA L. PINCHOT, Atty. Reg. #0071648, Clyo Professional Center, 7960 Clyo Road, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, P.J.,

{¶ 1} Defendant-appellant Sarah Stanton appeals from her conviction and sentence, following a no-contest plea, for Violation of a Protection Order, in violation of R.C. 2919.27.

Stanton contends that the trial court erred in denying her motion for intervention in lieu of conviction, pursuant to R.C. 2951.041.

{¶ 2} From our review of the record, we conclude that the trial court denied the motion for intervention in lieu of conviction without a hearing, pursuant to R.C. 2951.041(A)(1). Alleged error in the denial of a motion for intervention in lieu of conviction without a hearing does not affect a criminal defendant's substantial rights. Therefore, it is not subject to appellate review. *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506, ¶ 14 (2d Dist.). Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} Stanton was charged with the Violation of a Protection Order, a misdemeanor of the first degree. She filed a Request for Intervention in Lieu of Conviction, "for the reason that Defendant's mental illness or intellectual disability was a factor in the commission of the offense(s) charged."

{¶ 4} At a hearing two months following the request, the trial court said: "Counsel it's my understanding that we're going to explore the possibility of having this matter go through the avenue [of] treatment in lieu of conviction, is that correct?" Defense counsel responded in the affirmative. After some brief discussion, the trial court said: "So we'll set this for status in thirty days and we'll decide what way we're going to go at that time." The hearing concluded.

{¶ 5} That same day, the case was "Set for Status on 3/27/2012 at 1:30PM in Courtroom 4C."

{¶ 6} The record includes a transcript of a brief hearing on March 27, 2012. After some discussion by counsel concerning the documentation that was available, and that might be needed, pertaining to the request for intervention in lieu of conviction, the trial court concluded the hearing: "The reason that we're going this course was because of the issue of the, doing an assessment; that was the initial issue frankly was the assessment issue."

{¶ 7} Three days later, the trial court rejected Stanton's request for intervention in lieu of conviction, in an entry that included the following: "Pursuant to R.C. 2951.041(A), the Court Rejects the Request for Intervention."

{¶ 8} Thereafter, Stanton pled no contest, was found guilty, and was sentenced to 180 days in jail, which was suspended, and community control sanctions for one year. From her conviction and sentence, Stanton appeals.

## II. The Denial of a Request for Intervention in Lieu of Conviction, without a Hearing, Does Not Affect a Substantial Right, and Is Therefore Not Subject to Appellate Review

{¶ 9} Stanton's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION PURSUANT TO O.R.C. 2951.041.

{¶ 10} Stanton's argument is predicated upon her contention that the trial court conducted a hearing upon her request, and erred in determining that she was not eligible for intervention in lieu of conviction. The record does not support her contention that the trial court

conducted a hearing upon her request.

{¶ 11}  In its entry, the trial court specified that it was rejecting her request pursuant to R.C. 2951.041(A), which provides that: "The trial court may reject an offender's request without a hearing."   That division of the statute continues:

> If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing.  *If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for intervention in lieu of conviction* and recommending an appropriate intervention plan.   (Emphasis added.)

{¶ 12}  From the trial court's concluding remark at the March 27, 2012 hearing, we conclude that it had not yet ordered an assessment.   There is nothing in the record to reflect that an assessment was ever ordered, or received, by the trial court.   The statute contemplates that if the trial court decides to hold a hearing to consider the defendant's eligibility for intervention in lieu of conviction, it shall order an assessment to be used by the court in determining, at the hearing, the defendant's eligibility.   Because there is nothing in the record to reflect that an assessment was ordered or received before the March 27, 2012 hearing, we conclude that it was not a hearing on Stanton's eligibility for intervention in lieu of conviction.   This conclusion is corroborated by the trial court's having referred, in its order denying the request, to R.C. 2951.041(A)(1).   The criteria for eligibility are set forth in R.C. 2951.041(B).

{¶ 13}  We have previously determined that a trial court's decision not to hold a hearing

to determine a defendant's eligibility for intervention in lieu of conviction does not affect a substantial right, because the defendant has no legal right to a hearing; therefore, the trial court's decision is not subject to appellate review. *State v. Rice, supra*, at ¶ 14.

{¶ 14} Stanton's sole assignment of error is overruled.

### III.   Conclusion

{¶ 15} Stanton's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

John J. Danish / Stephanie L. Cook
Matthew Kortjohn
Pamela Pinchot
Hon. Carl Sims Henderson