[Cite as *State v. Long*, 2016-Ohio-43.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-449 |
| | : | |
| CHRISTINA M. LONG | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2016.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Greene County Prosecutor's Office, 61 Greene Street, 2nd Floor, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, Post Office Box 291771, Kettering, Ohio 45429-1771
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Christina Long appeals from her conviction and sentence to prison for cocaine possession, a fifth-degree felony. Long's assigned counsel has filed a brief under

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the appeal is frivolous and requesting permission to withdraw. By order filed August 21, 2015, we informed Long that the *Anders* brief had been filed and advised her of her right to file her own brief and the time limit for doing so. Long did not file anything, and the time for filing has expired.

## The course of proceedings

{¶ 2} Christina Long was charged with possession of cocaine, less than five grams, under R.C. 2925.11(A), a fifth-degree felony, by indictment filed August 8, 2014. On September 5, 2014, her bond was set at $3,500. On September 16, 2014, she filed a motion for intervention in lieu of conviction. On October 11, 2014, her bond was posted and she was released. One of the conditions of her release was that she was to report to the adult probation department while the charge was pending.

{¶ 3} On November 7, 2014, a request for a capias for Long's arrest was filed because she had failed to report to the probation department as required. She had also never reported for an intervention in lieu of conviction interview. A capias was issued the same date. Also on November 7, 2014, the trial court overruled the motion for intervention in lieu of conviction for the reason that the defendant was not a good candidate for intervention.

{¶ 4} On November 26, 2014, Long appeared with counsel and pled guilty to the charged offense. The plea agreement was that the State would recommend community control and the defendant would be responsible to reimburse the Beavercreek police department for a $125 laboratory analysis fee. During the plea hearing conducted that day, the trial court complied with Crim. R. 11 and specifically discussed with the defendant

her understanding that there was no guarantee that she would receive community control. The capias was withdrawn. However, the defendant failed to appear for her interview at the probation department and, after multiple attempts to contact her, another warrant was issued for her arrest. She was confined in the Greene County Jail on December 22, 2014 until sentencing.

{¶ 5} On January 28, 2015, the defendant appeared in court for sentencing. The trial court indicated it had reviewed the presentence investigation report and gave the defendant and her counsel an opportunity for allocution. Counsel acknowledged that the defendant had violated the conditions of bond and further indicated that the defendant rejected the court's consideration of a community control sanction if it included the court's intention to impose local incarceration at the Greene Leaf Program, a six-month residential alcohol and drug treatment program. Likewise, the defendant indicated that she rejected the court's "offer" of community control with the Greene Leaf Program. The court recited that it had considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The court specifically determined that pursuant to R.C. 2929.13(B)(1) the defendant violated a term of the conditions of bond and, therefore, the court had discretion to impose a prison term as a sentence. The court imposed a prison sentence of 12 months and gave the defendant jail-time credit for 78 days of incarceration.

## Potential assignments of error

{¶ 6} Although counsel found no merit to the appeal, he identifies, in his brief, two possible assignments of error for our consideration. The first potential error concerns the trial court's denial of the motion for intervention in lieu of conviction. Pursuant to R.C.

2951.041(A)(1), a court may deny a request for intervention without a hearing. *State v. Nealeigh*, 2d Dist. Champaign No. 2010 CA 28, 2011-Ohio-1416, ¶ 7. "Alleged error in the denial of a motion for intervention in lieu of conviction without a hearing does not affect a criminal defendant's substantial rights. Therefore, it is not subject to appellate review." *State v. Stanton*, 2d Dist. Montgomery No. 25298, 2013-Ohio-1825, ¶ 2. We agree with counsel that any argument to the contrary is frivolous.

{¶ 7} Counsel also indicates that a potential issue may arise from the trial court's prison sentence for a fifth-degree felony. An offender who violates a term of the conditions of bond as set by the court does not qualify for mandatory community control. R.C. 2929.13(B)(1)(b)(iii). Long failed to report at least twice and had warrants issued for her arrest. Therefore, the trial court had discretion to impose a prison sentence and an argument to the contrary is frivolous.

### *Anders* Review

{¶ 8} We also have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the docket, the various filings, the written transcript of the plea hearing, and the sentencing disposition. We have found no non-frivolous issues for review. Accordingly, the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, J., concurs.

FROELICH, J., concurring:

{¶ 9} I agree with Judge Donovan's dissent in *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506 (2d Dist.) and would find that an alleged error in the

denial of an ILC motion is subject to appellate review. However, on this record, I would find that such an appeal would not have arguable merit and, therefore, concur in the affirmance.

. . . . . . . . . .

Copies mailed to:

Elizabeth A. Ellis
J. David Turner
Christina M. Long
Hon. Michael A. Buckwalter