[Cite as *State v. Dohme*, 2017-Ohio-561.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-42 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-95 |
| | : | |
| ANNA MAE DOHME | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 17th day of February, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

REBECCA BARTHELEMY-SMITH, Atty. Reg. No. 0003474, 7821 North Dixie Drive, Dayton, Ohio 45414
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Anna Mae Dohme, appeals from her conviction in the Clark County Court of Common Pleas after pleading guilty to one count of receiving stolen property. In support of her appeal, Dohme contends that her trial counsel rendered ineffective assistance by failing to advise her about intervention in lieu of conviction ("ILC"). For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On February 28, 2016, the Clark County Grand Jury returned an indictment charging Dohme with one count of receiving stolen property worth between $1,000 and $7,500 in violation of R.C. 2913.51(A), a felony of the fifth degree. The charges arose after Dohme purchased a stolen oriental rug for $200 and then attempted to sell the rug online for $3,700.

{¶ 3} Following her indictment, Dohme entered a plea agreement whereby she agreed to plead guilty as charged in exchange for the State recommending the imposition of community control sanctions. The State also agreed that a presentence investigation ("PSI") would be conducted prior to sentencing.

{¶ 4} On May 18, 2016, the trial court accepted Dohme's guilty plea, ordered a PSI, and scheduled the matter for sentencing on June 8, 2016. At sentencing, the trial court imposed five years of community control sanctions. A month later, Dohme filed a notice of appeal from her conviction and sentence.

{¶ 5} The same day Dohme filed her notice of appeal, she also filed a Crim.R. 32.1 motion to vacate her plea and sentence. In the motion, Dohme alleged that her sentence

and the degree of her offense were "not what she was informed that she would be agreeing to plea to." Motion to Vacate Plea and Sentence (July 8, 2016), Clark County Court of Common Pleas Case No. 2016-CR-95, Docket No. 15, p. 1. On July 14, 2016, the trial court denied the motion for lack of jurisdiction since the matter had already been submitted for appeal.

**Assignment of Error**

{¶ 6} For her appeal, Dohme raises the following single assignment of error:

ANNA DOHME WAS NEVER INFORMED THAT SHE MAY BE ELIGIBLE FOR INTERVENTION IN LIEU OF CONVICTION AND THEREFORE SHE WAS NOT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HER RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 7} Under her sole assignment of error, Dohme contends that her trial counsel rendered ineffective assistance by failing to advise her about ILC. Dohme claims that she would have requested ILC had she known about it, and that the trial court "would probably have approved the ILC." According to Dohme, ILC would have been approved because she believes the court assumed that she had a drug and/or alcohol problem at sentencing when it ordered her to refrain from using drugs and alcohol and to undergo drug and alcohol screening as part of her community control conditions. We disagree with Dohme's claim.

{¶ 8} In order to succeed on an ineffective assistance claim, Dohme must show

that her trial counsel rendered deficient performance and that counsel's deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, Dohme must show that her trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). To establish prejudice, Dohme must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688, 694; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 9} In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 10} By pleading guilty, Dohme has waived the right to claim that she was denied the effective assistance of counsel for anything other than that her counsel's ineffectiveness rendered her plea less than knowing and voluntary. (Citation omitted.) *State v. Plato*, 2d Dist. Champaign No. 2003 CA 26, 2004-Ohio-5782, ¶ 36; *State v. Simpson*, 2016-Ohio-1267, 61 N.E.3d 899, ¶ 7 (2d Dist.). "Only if there is a reasonable probability that, but for counsel's errors, [Dohme] would not have pleaded guilty but would have insisted on going to trial will the judgment be reversed." *State v. Huddleson*, 2d

Dist. Montgomery No. 20653, 2005-Ohio-4029, ¶ 9, citing *Hill v. Lockhart*, 474 U.S. 52, 52–53, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992).   (Other citation omitted.)

{¶ 11} As previously noted, Dohme contends that her counsel rendered ineffective assistance by failing to advise her about ILC.   ILC is a procedure governed by R.C. 2951.041, which allows a trial court to grant a defendant's request for rehabilitative drug treatment in lieu of conviction "if an offender is charged with a criminal offense, * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged[.]"   R.C. 2951.041(A)(1).

{¶ 12} "In order for an offender to be statutorily eligible for ILC, the trial court must find that all ten of the criteria set forth in R.C. 2951.041(B) are met."   *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, ¶ 15.   One of those prerequisites is that "[t]he offender's drug usage, alcohol usage, mental illness, or intellectual disability, * * * whichever is applicable, was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity."   R.C. 2951.041(B)(6).

{¶ 13} "[E]ven if an offender satisfies all the eligibility requirements, the trial court has discretion to determine whether the particular offender is a candidate for intervention in lieu of conviction."   *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506, ¶ 10 (2d Dist.), citing *State v. Schmidt*, 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113 (2d Dist.).   We note that neither Crim.R. 11 nor any other authority requires

the trial court to advise a defendant at the plea hearing as to whether she is eligible for ILC. *State v. Taylor*, 2d Dist. Montgomery No. 26027, 2014-Ohio-5358, ¶ 7.

{¶ 14} In *State v. Jones*, 6th Dist. Wood No. WD-12-053, 2013-Ohio-3562, the Sixth District Court of Appeals held that in order to establish that appellant's trial counsel was ineffective for failing to file a pre-plea request for ILC, the record must show that: "(1) the trial court would have accepted appellant's petition for [ILC] and subsequently found that appellant met all of the criteria set forth in R.C. 2951.041, and (2) the state would have agreed to appellant's guilty plea on those terms." *Id.* at ¶ 22. Because the record in *Jones* did not establish those facts, the court found that appellant failed to show his trial counsel's performance was deficient and that such deficiency prejudiced him. *Id.* at ¶ 22-23.

{¶ 15} In this case, Dohme's ineffective assistance claim fails for multiple reasons. Initially, we note that Dohme does not argue that she would have gone to trial as opposed to entering her guilty plea had her counsel advised her about ILC. Rather, Dohme merely argues that she would have applied for ILC.

{¶ 16} In addition, there is nothing in the record to support Dohme's claim that her trial counsel failed to discuss ILC with her. Even if we were to assume that counsel failed to discuss ILC with Dohme, there is also nothing in the record indicating that such a failure amounts to deficient performance.

{¶ 17} There is no evidence of deficient performance because there is no indication that drug or alcohol usage was a factor leading to Dohme's receiving stolen property offense. The PSI indicates that Dohme told authorities she purchased the stolen property at issue from a drug addict who needed money for drugs, but the report

does not indicate that Dohme's offense was precipitated by her own drug or alcohol use. The PSI also indicates that Dohme denied any chemical substance abuse history, as she reported being only a social drinker and denied any drug use. Additionally, at the sentencing hearing, Dohme was given the opportunity to speak on her behalf and she never claimed that drug or alcohol use was a factor leading to her offense.

{¶ 18} Finally, Dohme's claim that the trial court would probably have approved ILC is purely speculative and highly unlikely based on the record before this court. Simply because the trial court imposed standard community control conditions requiring Dohme to refrain from using drugs and alcohol and to undergo drug and alcohol screening does not necessarily indicate that the court would have found that drug or alcohol use was a factor leading to her offense or that ILC would not demean the seriousness of her offense and reduce the likelihood of any future criminal activity. *See* R.C. 2951.041(B)(6). Accordingly, the record does not establish that the trial court would have found that Dohme met all of the criteria set forth in R.C. 2951.041 for ILC eligibility. See *Jones*, 6th Dist. Wood No. WD-12-053, 2013-Ohio-3562 at ¶ 22-23.

{¶ 19} Given the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, the lack of evidence as to any substance abuse problem that would trigger counsel to believe that Dohme was eligible for ILC, and the speculative, unlikely event that the trial court would have found Dohme eligible for ILC, we do not find that counsel's alleged failure to discuss ILC with Dohme qualifies as deficient performance for purposes of an ineffective assistance claim.

{¶ 20} For the foregoing reasons, Dohme's ineffective assistance claim fails and her sole assignment of error is overruled.

## Conclusion

**{¶ 21}** Having overruled Dohme's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and BROGAN, J., concur.

(Hon. James A. Brogan, Retired from the Ohio Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Megan M. Farley
Rebecca Barthelemy-Smith
Hon. Richard J. O'Neill