TUCKER, J.
{¶ 1} Defendant-appellant Domoniq Miles asserts that the trial court, after electing to consider his motion, filed under R.C. 2951.041, for intervention in lieu of conviction (ILC), erred by overruling the motion without conducting the hearing required when a court considers an ILC motion. We conclude that the trial court did not consider the ILC motion. Accordingly, the court was not required to conduct a hearing before overruling the motion. The trial court's judgment is affirmed.
I. Facts
{¶ 2} Miles, on May 6, 2016, was indicted for Improperly Handling a Firearm in a Motor Vehicle, a violation of R.C. 2923.16(B), and Carrying a Concealed Weapon, a violation of R.C. 2923.12(A)(2), both offenses being fourth degree felonies. Miles, asserting drug dependence, filed an ILC motion on June 5, 2016. The trial court filed an entry on July 5, 2016 ordering Miles to undergo an ILC assessment on July 13, 2016.
{¶ 3} On July 7, 2016 a document entitled "Motion (Violation of Bond)" was filed by the court's probation department. The motion informed the trial court that Miles, on July 5, 2016, violated a condition of his bond by testing positive for marijuana. The court, also on July 7, 2016, filed an entry finding that Miles had violated a bond condition, but, nonetheless, the bond was continued on the same conditions.
{¶ 4} The trial court, on July 13, 2016, overruled Miles' ILC motion without a hearing. The trial court's decision occurred before the court received the ILC assessment.
{¶ 5} Thereafter, Miles and the State of Ohio engaged in plea negotiations resulting in Miles, on August 24, 2016, entering a no contest plea to Improperly Handling a Firearm in a Motor Vehicle with the Carrying a Concealed Weapon count being dismissed. The court, on November 2, 2016, sentenced Miles to a term of Community Control Sanctions. This appeal followed.
II. Analysis
{¶ 6} Miles' only assignment of error asserts that the trial court, after electing *861 to consider the ILC motion, erred when it overruled the motion without conducting a hearing. Miles argues the trial court considered the ILC motion when it ordered an ILC assessment and scheduled an ILC hearing. The trial court did order an assessment, but the record does not indicate that an ILC hearing was scheduled.
{¶ 7} ILC is, of course, a "statutory creation" which allows a court, if it has reason to believe that drug or alcohol use, mental illness, or an intellectual disability, "was a factor leading to the [defendant's] criminal behavior[,]" to stay the criminal case and order a "period of rehabilitation." State v. Branch , 2d Dist. Montgomery No. 25261, 2013-Ohio-2350, 2013 WL 2566930, ¶ 10, citing State v. Massien , 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 9.
{¶ 8} R.C. 2951.041(A)(1) provides that "[T]he court may reject an offender's [ILC] request without a hearing." However, "[i]f the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible ... for [ILC] ..." "If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for [ILC] and recommending an appropriate intervention plan."
{¶ 9} The court, assuming a hearing is conducted, must determine the defendant's ILC eligibility based upon the eligibility requirements set forth at R.C. 2951.041(B). The court, following an ILC hearing, must, under R.C. 2951.041(C), enter a determination regarding the defendant's eligibility and, if the defendant is eligible, its conclusion concerning whether to grant the ILC motion.
{¶ 10} We have stated, since a defendant does not have a right to an ILC hearing, that a decision not to conduct a hearing does not "affect a substantial right," and, as such, "is not subject to appellate review." State v. Stanton , 2d Dist. Montgomery No. 25298, 2013-Ohio-1825, 2013 WL 1871301, ¶ 13, citing State v. Rice, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506 (2d Dist.). The exception to this not appealable conclusion, not applicable here, is a court's blanket policy or practice not to consider ILC motions. State v. Rice , ¶ 17.
{¶ 11} The issue in this appeal is whether the trial court "considered" Miles' ILC motion. We have stated that the R.C. 2951.041(A) language is "inartful, as a trial court, by definition, 'considers' an offender's request for ILC by making any ruling." State v. Branch , ¶ 12 (emphasis in original).
{¶ 12} We conclude, since ILC is dependent upon the R.C. 2951.041(B) eligibility requirements being met, that consideration of an ILC motion occurs when the trial court reviews, that is considers, the eligibility requirements. This conclusion is consistent with the statutory language that the ILC hearing is conducted to determine a defendant's ILC eligibility. Such consideration triggers the necessity for a hearing so that the defendant and the State of Ohio may be heard regarding the eligibility requirements and, assuming eligibility, whether the ILC motion should be granted.
{¶ 13} In State v. Cebula , 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, 2014 WL 3734173, the court noted that the entry referring Cebula for an ILC assessment stated " 'it appears that defendant may be eligible' for ILC." Cebula , ¶ 18. The court further stated that this language "shows that the trial court considered the request." Id. The court, despite the indicated consideration conclusion, ultimately ruled, based upon the trial judge's indication that even if Cebula was ILC eligible the motion would be denied, that Cebula's ILC eligibility was "not determinative of [the trial court's] decision and a hearing on *862 eligibility was not required." Cebula , ¶ 20. This ultimate ruling seems at odds with the court's consideration conclusion.
{¶ 14} The pending situation, nonetheless, is distinguishable. There is no indication in the record, based upon the assessment referral entry or otherwise, that the trial court considered the ILC eligibility requirements before issuing the decision overruling the ILC motion. The record, instead, indicates that the trial court's ILC denial decision occurred before the trial court received the assessment, and, therefore, before the trial court had an opportunity to review the eligibility requirements.
{¶ 15} The trial court, in short, did not consider Miles' ILC motion, and thus, was not required to conduct a hearing before overruling the motion. Miles' sole assignment of error is overruled.
III. Conclusion
{¶ 16} Miles' sole assignment of error having been overruled, the trial court's judgment is affirmed.
HALL, P.J., concurs.