[Cite as *State v. McClellan*, 2019-Ohio-5034.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-014 |
| | : | O P I N I O N |
| - vs - | | 12/9/2019 |
| | : | |
| WILLIAM MCCLELLAN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 17CR12452


Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, 101 East Main Street, Courthouse, First Floor, Eaton, Ohio 45320, for appellee

Kim Bui, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069, for appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, William McClellan, appeals from his conviction and sentence in the Preble County Court of Common Pleas following his guilty plea to multiple violent felony offenses. For the reasons outlined below, we affirm.

{¶ 2} On September 12, 2017, a Preble County Grand Jury indicted McClellan on 18 counts after he engaged in a crime spree that included two assaults, an escape from inside a

police cruiser, and a multi-jurisdiction manhunt.

{¶ 3} During the pendency of this matter, McClellan was also subject to unrelated prosecution in Montgomery County. On April 17, 2018, McClellan was sentenced to 270 days in prison by the Montgomery County Court of Common Pleas. The trial court in that case credited McClellan with 194 days of jail time credit for pretrial incarceration. Thus, as of the time of the Montgomery County sentencing, McClellan was subject to an additional 76 days of incarceration until the expiration of that term.

{¶ 4} On August 15, 2018, after entering into a plea agreement, McClellan pled guilty to nine counts for felonious assault, kidnapping, aggravated robbery, escape, aggravated burglary, and grand theft of a firearm. The trial court accepted McClellan's plea as voluntary, intelligent, and knowing. In a sentencing memorandum, McClellan acknowledged the agreed sentencing range of 12 to 15 years. On September 24, 2018, the trial court sentenced McClellan to a 13-year prison term and credited him with 85 days pretrial confinement credit. McClellan now appeals, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED IN ACCEPTING THE GUILTY PLEAS WITHOUT A STATEMENT OF FACTS SUPPORTING THE OFFENSES.

{¶ 7} In his first assignment of error, McClellan argues the trial court erred in accepting his guilty plea because the state failed to offer any facts into evidence in violation of R.C. 2937.07, which expressly requires a recitation of facts as a prerequisite to a knowing and voluntary guilty plea in misdemeanor cases. We find McClellan's argument to be without merit.

{¶ 8} In this case, McClellan pled guilty to nine felony counts. By its express terms, R.C. 2937.07 applies only to misdemeanor offenses. With the exception to cases involving aggravated murder, Crim. R. 11 states that "the court need not take testimony upon a plea of

guilty or no contest." This conclusion is further supported by reference to the 2012 Staff Notes annotating Crim. R. 11, which expressly references R.C. 2937.07 and its application to misdemeanor offenses. There is no corresponding requirement in the Ohio Revised Code for felony offenses. As a result, the additional requirements for misdemeanor offenses is not applicable to this case and McClellan's reliance thereon in misplaced.

{¶ 9} To the contrary, it is well established that a guilty plea "is a complete admission of the defendant's guilt." Crim.R. 11(B)(1); *State v. Bach*, 12th Dist. Warren No. CA2005-05-057, 2006-Ohio-501, ¶ 5. By entering a guilty plea, McClellan admitted guilt of the substantive crime. *State v. Fuller*, 12th Dist. Butler No. CA2008-09-240, 2009-Ohio-5068, ¶ 105. "Consequently, there is no evidence to consider, and the trial court was not required to determine whether a factual basis existed to support the guilty plea, prior to entering judgment on that plea." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. Therefore, as his guilty plea serves as a complete admission of his guilt, McClellan's first assignment of error is without merit and overruled.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED IN FAILING TO PROPERLY CREDIT THE DEFENDANT FOR ALL TIME SERVED DURING THE PENDENCY OF THE TRIAL.

{¶ 12} In his second assignment of error, McClellan argues the trial court erred in calculating the amount of pretrial confinement credit. In so doing, McClellan alleges that he should have been given credit for the entire time he was held pending trial in Preble County, despite the fact that he was still serving his Montgomery County sentence for a portion of the time prior to sentencing. We find no merit to McClellan's argument.

{¶ 13} The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7; *State v. Tibbs*, 12th Dist. Butler No. CA2019-02-027, 2019-

Ohio-4721, ¶ 10. This principle is codified in R.C. 2967.191, which states, in relevant part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial[.]

{¶ 14} Despite McClellan's argument to the contrary, "Ohio courts have consistently held that jail-time credit is to be applied to an inmate's sentence only for confinement related to the specific case in which that sentence was imposed." *State ex rel. Carter v. Wilkinson*, 10th Dist. Franklin No. 03AP-737, 2004-Ohio-3386, ¶ 8, citing *State v. McWilliams*, 126 Ohio App.3d 398 (2d Dist. 1998) (jail-time credit may not be applied for time served in Florida on Florida offenses). As correctly held by the Tenth District, "R.C. 2967.191 pertains only to credit for time spent in jail awaiting disposition of the particular case out of which the inmate's sentence arises, and does not pertain to time spent serving a sentence pursuant to a case from another jurisdiction, including the federal courts." *State ex rel. Carter* at ¶ 8.

{¶ 15} In this case, on April 17, 2018, McClellan was sentenced to 270 days in prison by the Montgomery County Court of Common Pleas. The Montgomery County court granted McClellan 194 days of pretrial confinement credit. Thus, as of the date of the Montgomery County sentencing, McClellan still had 76 days to serve. The Montgomery County sentence therefore expired on July 1, 2018.

{¶ 16} As a result, beginning July 1, 2018, McClellan was held in the Preble County Jail for the offenses he committed in Preble County. McClellan was then sentenced on September 24, 2018 for which the trial court provided him the appropriate 85 days pretrial confinement credit. There is no support for McClellan's argument that he should be entitled for more pretrial confinement credit. As a result, we overrule McClellan's second assignment

of error.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.