The STATE of Ohio, Appellee,

v.

STANOVICH, Appellant.

[Cite as *State v. Stanovich*, 173 Ohio App.3d 304, 2007-Ohio-4234.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6–06–10.

Decided Aug. 20, 2007.

Philip A. Riegle, Assistant Prosecuting Attorney, for appellee.

James C. King, for appellant.

ROGERS, Presiding Judge.

{¶ 1} Defendant-appellant, Justin J. Stanovich, appeals the judgment of the Hardin County Court of Common Pleas determining that he was ineligible for intervention in lieu of conviction. On appeal, Stanovich asserts that the trial court erred as a matter of law in finding that he was not eligible for intervention. Finding that the trial court erred by determining that Stanovich's ineligibility for intervention on the assault counts of the indictment precluded his eligibility on the count of aggravated possession of drugs, we reverse and remand for further proceedings consistent with this opinion.

{¶ 2} In December 2005, the Hardin County Grand Jury indicted Stanovich on two counts of assault in violation of R.C. 2903.13(A), (C)(3), misdemeanors of the first degree, and one count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a felony of the fifth degree. The indictment arose from an incident in which Stanovich assaulted a police officer, as well as his girlfriend's eight-year-old son, while under the influence of drugs. Subsequently, Stanovich pleaded not guilty to all three counts of the indictment.

{¶ 3} In January 2006, Stanovich moved for intervention under R.C. 2951.041.

{¶ 4} In February 2006, Stanovich underwent a chemical-dependency evaluation, which indicated that he would be an appropriate candidate for intervention.

{¶ 5} In March 2006, the trial court held a hearing on Stanovich's motion for intervention and subsequently overruled it, stating:

The Court believes that the better approach to this issue is that as stated by the 10th Ohio Appellate District in the case of [State] v. Geraci * * *. In that opinion the Court stated, "* * * that an offender is not eligible for intervention unless the offender meets the eligibility requirements for all of the counts of the indictment." In the instant case [Stanovich] is ineligible for intervention on

[the misdemeanor assault counts] because they are offenses of violence which are specifically excluded from consideration for intervention. There are other reasons that may make [Stanovich] ineligible for intervention, but this court does not need to address those since the court already has found [him] to be ineligible for intervention.

{¶ 6} In September 2006, Stanovich withdrew his not-guilty plea and entered a plea of no contest to all three counts of the indictment. Thereafter, the trial court convicted Stanovich on all three counts as charged in the indictment. The trial court then sentenced Stanovich to three years of community control and ordered him to pay a $200 fine on each of the misdemeanor assault convictions, to be served concurrently. Additionally, the trial court sentenced Stanovich to three years of community control and ordered him to pay a $1,000 fine, to perform 80 hours of community service, to enter into drug, alcohol, and mental-health treatment, to refrain from substance abuse, and to be subject to random substance-abuse testing on his felony conviction, to be served concurrently with his sentences for the misdemeanor assault convictions.

{¶ 7} It is from this judgment that Stanovich appeals, presenting the following assignment of error for our review.

The trial court erred as a matter of law in finding that defendant/appellant is not eligible for intervention in lieu of conviction on the felony count unless he is eligible for intervention on all counts of the indictment.

{¶ 8} In his sole assignment of error, Stanovich contends that the trial court erred as a matter of law in finding that he was not eligible for intervention on the felony count of aggravated drug possession unless he was eligible on all counts of the indictment.[1] Specifically, Stanovich asserts that R.C. 2951.041 refers to "offense" in the singular and that, accordingly, each count in the indictment constituted a separate offense for which eligibility for intervention could be determined separately. The state responds that an offender cannot be eligible for intervention without being eligible on all counts of the indictment, because any determination otherwise would defeat the purpose of R.C. 2951.041.

{¶ 9} R.C. 2951.041 allows a trial court to grant an offender's request for rehabilitative drug intervention instead of conviction if the offender "is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior." R.C. 2951.041(A)(1); *State v. Drager,* 167 Ohio App.3d 47, 2006-Ohio-2329, 853 N.E.2d 1180, ¶ 9. Thus, intervention reflects the legislature's determination that "it may be more beneficial to the individual and the community as a whole to

---

1. Stanovich does not challenge the trial court's finding that he was ineligible for intervention on the assault counts of the indictment.

treat the cause rather than punish the crime." *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674, citing *State v. Baker* (1998), 131 Ohio App.3d 507, 510, 722 N.E.2d 1080.

{¶ 10} When an offender requests intervention, a trial court may elect to reject it outright without a hearing. R.C. 2951.04(A)(1). If the trial court elects to consider an offender's motion for intervention, it must conduct a hearing to determine the offender's eligibility and order an assessment of the offender to aid in doing so. R.C. 2951.041(A)(1). In determining whether an offender is eligible for intervention, the trial court must find all of the following:

(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention * * * under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under [R.C. 2929.13(B)(2)(b) ] or with a misdemeanor.

(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of [R.C. 2903.06(A)(1) or (2), aggravated vehicular homicide], is not a violation of [R.C. 2903.08(A)(1), aggravated vehicular assault], is not a violation of [R.C. 4511.19(A), operating a vehicle under the influence of alcohol or drugs] or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.

(3) The offender is not charged with a violation of [R.C.] 2925.02, [corrupting another with drugs], [R.C.] 2925.03, [drug trafficking], [R.C.] 2925.04, [illegal manufacture of drugs or cultivation of marihuana], or [R.C.] 2925.06, [illegal administration or distribution of anabolic steroids,] and is not charged with a violation of [R.C. 2925.11, drug possession,] that is a felony of the first, second, or third degree.

(4) The offender is not charged with a violation of [R.C. 2925.11, drug possession], that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention * * * under this section.

(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to [R.C. 3793.11], a program certified by that department pursuant to [R.C. 3793.06], a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, inde-

pendent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

(6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention * * * would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

(8) If the offender is charged with a violation of [R.C. 2925.24], the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.

(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

R.C. 2951.041(B)(1) through (9).

█ {¶ 11} However, " 'even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether the particular defendant is a good candidate for [intervention].' " *State v. Leisten*, 166 Ohio App.3d 805, 2006-Ohio-2362, 853 N.E.2d 673, ¶ 7, quoting *State v. Schmidt*, 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113, ¶ 9; see R.C. 2951.041(C) ("If the court finds that the offender is not eligible *or does not grant the offender's request*, the criminal proceedings against the offender shall proceed as if the offender's request for intervention * * * had not been made" [emphasis added] ). If the trial court grants intervention and the offender successfully completes it, the underlying criminal proceedings against the offender must be dismissed and the trial court may seal the records related to the offense. R.C. 2951.041(E).

█ {¶ 12} Eligibility determinations under R.C. 2951.041 are matters of law and, therefore, are subject to de novo review on appeal. *State v. Fritz*, 10th Dist. No. 04AP–63, 2004-Ohio-6129, 2004 WL 2616688, ¶ 5, citing *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (statutory interpretation and application are matters of law subject to de novo review).

█ {¶ 13} It is axiomatic that when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for an appellate court to apply the rules of statutory interpretation. *State v. Siferd*, 151 Ohio App.3d 103, 117, 2002-Ohio-6801, 783 N.E.2d 591, citing *State ex rel. Jones v. Conrad* (2001), 92 Ohio St.3d 389, 392, 750 N.E.2d 583. " 'In such a case, we do not resort to rules of interpretation in an attempt to discern what the General Assembly could have conclusively meant or intended in * * * a particular

statute—we rely only on what the General Assembly has actually said.' " *Siferd*, 151 Ohio App.3d at 117, 783 N.E.2d 591, quoting *Muenchenbach v. Preble Cty.* (2001), 91 Ohio St.3d 141, 149, 742 N.E.2d 1128. " 'Where a statute is found to be subject to various interpretations, however, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at the legislative intent.' " Id., quoting *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 404 N.E.2d 159. If interpretation is necessary, the General Assembly has expressly provided that courts should interpret statutory terms and phrases according to their common and ordinary or, if applicable, technical, usage. R.C. 1.42.

■ {¶ 14} Here, the trial court found that because Stanovich was ineligible on the assault counts of the indictment, he was automatically ineligible on the count of aggravated drug possession. In doing so, the trial court relied on *State v. Geraci*, 10th Dist. No. 04AP–26, 2004-Ohio-6128, 2004 WL 2616660. In *Geraci*, the defendant was indicted for three counts of deception to obtain a dangerous drug and seven counts of illegal processing of drug documents. The defendant requested intervention regarding all counts of the indictment, which the trial court granted. On appeal by the state, the Tenth District reversed, finding that the defendant would not have been sentenced to a community-control sanction under R.C. 2929.13(B)(2)(b) [2] for either the deception or illegal-processing counts if convicted, as required under R.C. 2951.041(B)(1). In finding that the defendant would not be sentenced to a community-control sanction under R.C. 2929.13(B)(2)(b) for the illegal-processing counts, the Tenth District noted its disagreement with the Second District in *State v. Jamison* (2001), 2d Dist. No. 18509, 2001 WL 256290, which had determined otherwise. Thereafter, the Tenth District stated:

[E]ven if [the defendant] would have been sentenced under R.C. 2929.13(B)(2)(b) for the illegal processing counts, he still was not eligible for intervention because he was not eligible for intervention for the deception

---

2. Under R.C. 2929.13(B)(2)(b), a trial court shall impose a community-control sanction or combination of community-control sanctions upon an offender when (1) R.C. 2929.13(E) through (G) are inapplicable; (2) the court did not make any findings under R.C. 2929.13(B)(1)(a) through (h), involving, for example, physical harm, attempting or threatening physical harm with a deadly weapon, holding a public office or position of trust and committing an offense related to that office or position, committing a fourth- or fifth-degree felony sex offense, previously serving a prison term, committing the offense while under a community-control sanction, probation, or released on bond or personal recognizance; and, (3) the court considered the factors set forth in R.C. 2929.12 and determined that community-control sanctions would be consistent with the purposes and principles of sentencing under R.C. 2929.11. Conversely, if the trial court makes any of the findings under R.C. 2929.13(B)(1)(a) through (h), determines that a prison term would be consistent with the purposes and principles of sentencing under R.C. 2929.11, and finds that the offender would not be amenable to community-control sanctions, the trial court must impose a prison term.

counts. An offender is not eligible for intervention unless the offender meets the eligibility requirements for all counts in the indictment. Otherwise, the trial court would be confronted with inconsistent approaches to the charges in the indictment. For example, when intervention is granted, the trial court may stay all criminal proceedings. R.C. 2951.041(C). However, it is unlikely that the trial court could stay counts for which the offender was not eligible for intervention. * * * Moreover, allowing intervention for some counts but not for others would be inconsistent with the underlying premise of intervention— to treat the offender's drug or alcohol problem while allowing the offender to avoid criminal conviction for the offenses caused by the drug or alcohol abuse.

*Geraci,* 2004-Ohio-6128, 2004 WL 2616660 at ¶ 17. Although we acknowledge the concerns expressed in *Geraci,* we respectfully disagree with its analysis of the issue of whether a defendant is automatically ineligible on all counts of an indictment simply because he is ineligible on one or more other counts of an indictment. Additionally, the issue raised by Stanovich was not squarely before the Tenth District in *Geraci* and was merely dicta.

{¶ 15} R.C. 2951.041 contains no express prohibition against granting intervention to an offender who is eligible on one count of the indictment but not on another count that constitutes a different offense. Indeed, R.C. 2951.041 contains no reference to multiple offenses. Instead, R.C. 2951.041 plainly and unambiguously refers to "the offense" in the singular throughout, indicating that each count constituting a different crime on the indictment must be analyzed independently for purposes of determining eligibility for intervention. Likewise, the phrase "criminal proceedings" in R.C. 2951.041 clearly refers to the proceedings related to the offense in question.

{¶ 16} Even if we interpreted R.C. 2951.041 to be unclear and ambiguous, we would reach the same result by applying the common and ordinary meaning of the language in question. "Offense" is defined in the singular as "a violation of the law; a crime, often a minor one." Black's Law Dictionary (8th Ed.2004) 1110. "Criminal proceeding" is defined as a "proceeding instituted to determine a person's guilt or innocence or to set a convicted person's punishment; a criminal hearing or trial." Id. at 1241. Thus, the use of the plural "proceedings" with the singular "offense" in R.C. 2951.041 refers to the various stages involving an individual offense.

{¶ 17} Moreover, while *Geraci* and the state raise legitimate concerns about the purpose of R.C. 2951.041 and the practicality of a situation in which an offender is eligible for intervention on one count of the indictment, but not on another, R.C. 2951.041(C) provides a safeguard against that problem. Unlike R.C. 2951.041(B)(6), which limits the trial court to deciding whether intervention would demean the seriousness of the particular offense and substantially reduce

the likelihood of future criminal activity when determining eligibility, R.C. 2951.041(C) imposes no limitations upon the trial court in making the ultimate decision whether to grant intervention. Accordingly, the trial court retains the discretion to determine whether intervention would be preferable and workable in situations in which an offender may be eligible for intervention on one count of an indictment but not on another. Thus, we hold that the trial court erred by determining that Stanovich's ineligibility for intervention on the assault counts of the indictment automatically precluded his eligibility on the count of aggravated possession of drugs. Therefore, we remand the matter to the trial court to determine whether Stanovich is eligible on the count of aggravated possession of drugs and, if so, to determine whether intervention is appropriate.

{¶ 18} Accordingly, we sustain Stanovich's assignment of error.

{¶ 19} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment reversed and
cause remanded.

PRESTON and WILLAMOWSKI, JJ., concur.