**[Cite as *State v. Atkins*, 2012-Ohio-4744.]**

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                :

     Plaintiff-Appellee          :        C.A. CASE NO.    2011 CA 28

v.                        :        T.C. NO.    11CR93

SAMUEL J. ATKINS         :       (Criminal appeal from
                                     Common Pleas Court)

     Defendant-Appellant     :

                              :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    12th    day of    October    , 2012.

. . . . . . . . . .

ROBERT E. LONG III, Atty. Reg. No. 0066796, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 W. Main Street, Safety Building, Troy, Ohio 45373
       Attorney for Plaintiff-Appellee

PAUL R. F. PRINCI, Atty. Reg. No. 0012149, 121 South Market Street, Troy, Ohio 45373
       Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Samuel J. Atkins appeals from a decision of the Miami County Court of Common Pleas, General Division, denying his motion for intervention in lieu of conviction (ILC) and finding him statutorily ineligible on one count of attempted failure to comply with the order or signal of a police officer, in violation of R.C. 2923.02(A) and R.C. 2921.331(B)(C)(4), a felony of

the fifth degree. Thereafter, Atkins plead no contest to the Bill of Information on August 31, 2011. The trial court found Atkins guilty and sentenced him to two years of community control. Atkins filed a timely notice of appeal with this Court on November 22, 2011.

{¶ 2} The instant appeal stems from Atkins' involvement in a multi-county high speed chase where he was alleged to have been driving at speeds in excess of one hundred miles per hour while being pursued by police.

{¶ 3} On March 28, 2011, Atkins was charged by Bill of Information with one count of attempted failure to comply. Atkins waived indictment by grand jury and entered a plea of not guilty to the single count of failure to comply. Also on March 28, 2011, Atkins filed a motion for ILC pursuant to R.C. 2951.041.

{¶ 4} On May 23, 2011, a hearing was held before the trial court regarding Atkins' motion for ILC. The only two witnesses who testified were Atkins' psychotherapist and his Alcoholic's Anonymous sponsor. At the conclusion of the hearing, the trial court orally denied Atkins' motion on two grounds. Initially, the trial court found that a peace officer was a victim of the offense because Atkins was involved in a high speed chase that required police officers to put their lives at risk in order to apprehend him. Secondly, the trial court found that intervention would demean the seriousness of the offense. On May 25, 2011, the trial court issued a written decision outlining its bases for denying Atkins' motion for ILC.

{¶ 5} Following the denial of his motion for ILC, Atkins plead no contest to one count of failure to comply. The trial court found him guilty and sentenced him accordingly. It is from this judgment that Atkins presently appeals.

{¶ 6} Atkins sole assignment of error is as follows:

{¶ 7} "THE COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION OF THE DEFENDANT FOR INTERVENTION IN LIEU OF CONVICTION WHERE IT IS

CLEAR THAT DEFENDANT'S CONDUCT WAS THE RESULT OF ADDICTION AND THAT TREATMENT WAS LIKELY SUCCESSFUL AND A POLICE OFFICER WAS NOT A VICTIM AND THE PURPOSE OF THE STATUTE WOULD NOT BE DEMEANED BY GRANTING DEFENDANT'S MOTION."

{¶ 8}   In his sole assignment of error, Atkins contends that the trial court abused its discretion when it found that he was statutorily ineligible for ILC.   Specifically, Atkins argues that the police officers involved in apprehending him during the high speed chase were not "victims" as contemplated under R.C. § 2951.041(B)(7).   Thus, Atkins asserts that the trial court erred in finding him statutorily ineligible for ILC on that basis.

{¶ 9}   In determining whether an offender is statutorily eligible for ILC, the trial court's inquiry is governed by R.C. § 2951.041(B), which states in pertinent part:

> B)(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, *or a peace officer engaged in the officer's official duties at the time of the alleged offense*.

{¶ 10}   R.C. § 2930.01(H) defines a "victim" as the following :

> (1) A person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings to which this chapter makes reference.

{¶ 11}   Elsewhere in the Revised Code, a "victim" is defined as "a person who suffers personal injury or death as a result of ***[c]riminally injurious conduct." R.C. § 2743.51(L)(1). Black's Law Dictionary defines a "victim" as a "person who is the object of a crime or tort ***." (5th

Ed. 1979) 1405. We note that the Bill of Information does not identify any individual as a victim of Atkins' offense, nor does it state that the police involved in the chase were victims..

{¶ 12} At the conclusion of the hearing, the trial court stated the following as its primary basis for denying Atkins' motion for ILC:

> The Court: In reviewing the motion that is before the Court, the Court has considered the testimony here in the hearing, as well as the Exhibits that were admitted, which had previously been supplied to the Court. And I did review those. And I have also considered the testimony of the witnesses who testified. I also have to review the statute that provides for intervention in lieu of conviction, which 2951.041. The Court is required to make a finding in determining eligibility for [ILC] that the victim of the offense is not a police officer engaged in his duties as a police officer at the time of the offense. And without making any judgment as to the Defendant's role in this, *it would appear that when a police officer is engaged in a chase, and as a matter of fact from the statement in the Presentence Report that was done, there were apparently multiple police officers that were involved in this high speed chase, it would be hard for me not to believe that a police officer was not a victim in this offense, even though no one was injured.*

{¶ 13} In its written decision denying Atkins' motion for ILC, the trial court reiterated its rationale for finding him ineligible was that the "victim" of the offense was a police officer engaged in his official duties at the time of the offense in violation of R.C. 2951.041(B)(7). The trial court stated that its secondary rationale for ruling him ineligible for ILC was that Atkins was engaged in a multi-county high speed chase involving multiple officers and speeds in excess of one hundred miles

per hour. The trial court also found that ILC "would substantially diminish the seriousness of the offense." R.C. 2951.041(B)(6).

{¶ 14} Upon review, we conclude that the trial court erred when it found that the police who were involved in the chase were "victims" for the purpose of finding Atkins ineligible for ILC. Initially, we note that none of the police officers who were involved in the chase and subsequent capture of Atkins were injured or otherwise hurt. Further, the police officers involved in the chase were charged with the duty of apprehending Atkins. Atkins' attempted failure to comply with the officers' orders did not transform the officers into victims for the purposes of R.C. 2951.041(B)(7). If that were the case, the trial court arguably could find that any arresting officer, regardless of whether he or she was injured during the course of the arrest, was a victim under R.C. 2951.041(B)(7), thereby always rendering the defendant statutorily ineligible for ILC. That is an absurd result and one clearly not intended by the Ohio Legislature. Thus, the trial court erred as a matter of law when it found that Atkins was statutorily ineligible for ILC pursuant to R.C. 2951.041(B)(7).

{¶ 15} However, the trial court provided a secondary basis upon which to find Atkins ineligible for ILC which renders the error harmless. Pursuant to R.C. 2951.041(B)(6), the trial court found Atkins was engaged in a high speed chase (in excess of 100 m.p.h.) across multiple counties which endangered lives. Thus, ILC would demean the seriousness of the offense.

{¶ 16} Even though Atkins does meet the minimal eligibility requirements for ILC, the trial court has discretion to determine whether the particular offender is a good candidate for ILC. The decision whether to grant a motion for ILC lies within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion. *State v. Lindberg*, 2d Dist. Greene No. 2005CA59, 2006-Ohio-1429. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87,

482 N.E.2d 1248, 1252 (1985).  It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 17}  We cannot conclude that the trial court abused its discretion.  The court cited to facts which support a finding ILC would demean the seriousness of the offense.  Namely, a multi-county chase, involving multiple police officers with speeds in excess of 100 m.p.h., poses a significant threat to the safety of others.

{¶ 18}  Atkins' sole assignment of error is overruled.

{¶ 19}  Atkins' sole assignment of error having been overruled, the trial court's judgment is affirmed.

. . . . . . . . . .

HALL, J. and VUKOVICH, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Robert E. Long III
Paul R. F. Princi
Hon. Christopher Gee