[Cite as *State v. Alexander*, 2017-Ohio-8828.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CA 0039 |
| ADAM ALEXANDER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No. 17 CR 0361


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     November 30, 2017


APPEARANCES:

For Plaintiff-Appellee

WILLIAM C. HAES
PROSECUTING ATTORNEY
PAULA M. SAWYERS
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

KEVIN GALL
BURKETT & SANDERSON, INC.
73 North Sixth Street
Newark, Ohio 43055

*Wise, J.*

**{¶1}** Defendant-Appellant Adam Alexander appeals his conviction and sentence on one count of Trafficking in Marijuana entered in the Licking County Court of Common Pleas following a plea of guilty to a Bill of Information.

**{¶2}** Plaintiff-appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND CASE**

**{¶3}** On June 6, 2017, Appellant, pursuant to a Bill of Information, entered a guilty plea to one count of Trafficking in Marijuana, a felony of the fifth degree, with two forfeiture specifications.

**{¶4}** The following limited statement of the facts was presented by the state of Ohio at the plea hearing:

Between the dates of June 3rd, 2016 and June 8th, 2016, the Defendant, along with others, did knowingly transport marijuana with knowledge that it was being prepared for sale and distribution. Specifically, the Defendant and another individual met at Dawes Arboretum on State Route 13 in Licking County, Ohio, and picked up a shipment of marijuana. They then took the marijuana and handed it off to others so that it could be sold. On June 8th, 2016, while conducting an investigation into the trafficking in marijuana, law enforcement personnel with the Central Ohio Drug Enforcement Task Force observed the Defendant commit a traffic violation and initiated a traffic stop on Cherry Valley Road in Newark, Licking County, Ohio.

Upon approaching the vehicle, law enforcement personnel immediately noticed marijuana shake about the vehicle. The personnel asked the Defendant if he would consent to a search of his person and the Defendant did consent. Detectives located a crumpled piece of paper in his pants pocket which upon review was determined to be an "O" list.[1]

…

In addition, thereafter the detectives conducted a probable cause search of the vehicle and located $2,461.00 in cash.

The Defendant was interviewed after being Mirandized. He admitted that the paper was, in fact, an "O" list and that the money in the car was money that he had made from selling marijuana.

During the course of the Defendant's interview he further acknowledged that another individual who had participated in the trafficking operation used a black 2005 Audi Quattro, vehicle identification number WAULC68E65A042713. When this individual discovered that law enforcement personnel were investigation the trafficking operation, he signed the vehicle over to the Defendant." (T. at 12-14).

{¶5} At the plea hearing, the trial court considered Appellant's motion for Intervention In-Lieu of Conviction (ILC), filed on April 28, 2017, and denied the same.

{¶6} The trial court then sentenced Appellant to a three-year term of Community Control.

{¶7} Appellant now appeals, raising the following assignment of error on appeal:

---

[1] The record does not contain a definition for "O" list.

## ASSIGNMENT OF ERROR

**{¶8}** "I. THE TRIAL JUDGE ABUSED ITS DISCRETION IN OVERRULING THE DEFENDANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION BY REQUIRING THAT THE DEFENDANT SATISFY A MORE STRINGENT CONDITION THAN THOSE CONTAINED IN R.C. 2951.041."

**I.**

**{¶9}** In his sole Assignment of Error, Appellant argues that the trial court's denial of his motion was an abuse of discretion. We disagree.

**{¶10}** Intervention in Lieu of Conviction (ILC) is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage, mental illness, or being a person with an intellectual disability was a factor leading to the criminal behavior. *See* R.C. §2951.041(A); *See State v. Massien,* 125 Ohio St.3d 204, 2010–Ohio–1864, 926 N.E.2d 1282, ¶ 9.

**{¶11}** "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *Massien* at ¶ 10, *quoting State v. Shoaf,* 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000) (referring to a previous, but similar, version of R.C. 2951.041). ILC is not designed to be punishment, but rather an opportunity for certain offenders to receive help for their dependence without the ramifications of a felony conviction. *Id.*

**{¶12}** The trial court may reject an offender's request for ILC without a hearing. R.C. §2951.041(A)(1). However, if the court elects to consider an offender's request, the court must conduct a hearing to determine whether the offender is statutorily eligible for ILC and must stay all criminal proceedings pending the outcome of the hearing. *Id.* If the court schedules a hearing, the court must order an assessment of the offender for the purpose of determining the offender's eligibility for ILC and recommending an appropriate intervention plan. *Id.*

**{¶13}** R.C. §2951.041 provides:

(A)(1) If an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction. The request shall include a waiver of the defendant's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the offender, and arraignment, unless the hearing, indictment, or arraignment has already occurred. The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for intervention in lieu of conviction and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender

for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:

(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.

(2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail

(3) The offender is not charged with a violation of section 2925.02, 2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first, second, or third degree.

(4) The offender is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.

(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional, including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by that department pursuant to section 3793.06 of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed physician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan.

(6) The offender's drug or alcohol usage was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

(8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.

(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

**{¶14}** Even when an offender satisfies all of the statutory eligibility requirements for ILC, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. *State v. Schmidt,* 149 Ohio App.3d 89, 2002-Ohio-3923, 776 N.E.2d 113. The decision whether to grant a motion for ILC lies within the trial court's sound discretion, and an appellate court will not reverse the trial court's ruling absent an abuse of that discretion. *State v. Adkins,* 2d Dist. Miami No. 2011 CA 28, 2012–Ohio–4744, ¶ 16. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1141(1983).

**{¶15}** While the trial court did not provide any reasons in support of this finding in its judgment entry, a review of the hearing transcript reveals the trial court based its denial on R.C. §2951.041(B)(6), finding that it would demean the seriousness of the

offense. It is apparent from the transcript of the hearing that the trial court did not believe Appellant was a good candidate for Intervention:

> And, Mr. Alexander, I would find that It would demean the seriousness of your offense here, at least the offense you were arrested on, if not the offense that was - - as it's been reduced in your bill of information. It's not a - - guy that's having people over to his house and selling them marijuana. It's somebody that's meeting at a remote location to accept bulk amounts of marijuana from other people. You're engaged in organized criminal activity. And, on that basis, I would deny your request for intervention in lieu of conviction here today.

**{¶16}** Tr. at 25-26.

**{¶17}** Based on the foregoing, we do not find that the trial court abused its discretion in denying Appellant's request for intervention in lieu of conviction.

**{¶18}** Appellant's sole Assignment of Error is overruled.

**{¶19}** Accordingly, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Baldwin, J., concur.

JWW/d 1116