MELODY J. STEWART, J.:
{¶ 1} This court granted the state of Ohio leave to appeal from the trial court's order granting defendant-appellee Kyle Weaver's motion for intervention in lieu of conviction ("ILC") on two counts in a four-count indictment. In its sole assignment of error, the state argues that the trial court erred by imposing ILC for two counts when the indictment also contained two counts that are ineligible for ILC. We affirm the decision of the trial court.
{¶ 2} North Royalton Police initiated a traffic stop after observing Weaver speeding and weaving in his lane. The officer stated that Weaver appeared to be "drunk-like, disoriented, dazed and confused." The officer administered field sobriety tests, after which he believed he had probable cause to arrest Weaver and did so. Upon an inventory search of Weaver's car, the police discovered a firearm and five rounds of ammunition.
{¶ 3} Weaver was charged in a four-count indictment. Count 1 charged improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B), a fourth-degree felony; Count 2, driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; Count 3, driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(d), a first-degree misdemeanor; and Count 4, falsification, in violation of R.C. 2921.13(A)(3), a first-degree misdemeanor.
{¶ 4} After initially pleading not guilty to all counts, Weaver moved the court pursuant to R.C. 2951.041 for ILC on Counts 1 and 4. Counts 2 and 3, DUI
*119 offenses, were not eligible for ILC. See R.C. 2951.041(B)(2). The state does not dispute that Counts 1 and 4, standing alone, would be eligible for ILC. However, the state opposed Weaver's motion, arguing that the ineligible Counts, 2 and 3, caused Weaver to be ineligible for ILC for Counts 1 and 4.
{¶ 5} The court conducted a hearing where Weaver pleaded guilty to all four counts. The court accepted his pleas, found Weaver guilty on Counts 2 and 3, and stated that it "will forbear making adjudication of guilt on Counts 1 and 4, and instead place Mr. Weaver in [ILC] * * *." Tr. 14-15. As to Counts 2 and 3, the court stated "I'm going to sentence him to three days in the driving intervention program, fine him $375, suspend his licence for six months, court costs." Tr. 17.
{¶ 6} At the outset, we note that it initially appeared that we did not have a final appealable order. In State v. Dempsey , 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579, 2003 WL 21154170, a panel of this court dismissed a defendant's appeal challenging the specific terms of the ILC imposed by the court below. The panel noted that a person does not have a right to ILC; but rather "[ILC] is a special opportunity provided to select defendants who are deemed eligible by the trial court." Id. at ¶ 9. The panel then dismissed the defendant's challenge because the trial court's ILC terms did not affect a "substantial right" and therefore did not present a final appealable order pursuant to R.C. 2505.02. Id. at ¶ 8, 11.
{¶ 7} The case before us is distinguishable from Dempsey on procedural grounds. Here, the state is the party appealing the court's award of ILC. We find the rationale used by the Twelfth District in a procedurally similar case to be applicable here. See State v. Casto , 12th Dist. Clermont No. CA2008-08-033, 2009-Ohio-791, 2009 WL 428009. In Casto , the defendant-appellee pleaded guilty and moved for ILC. Id. at ¶ 2-4. Over the state's objection, the court stayed the criminal proceedings and imposed ILC, and the state appealed. Id. at ¶ 4-5. The Twelfth District distinguished Dempsey and found it had jurisdiction over the state's appeal because the trial court's order granting ILC affected a "substantial right" of the state, namely the right to prosecute its criminal cases. Id. at ¶ 10. If the state was prohibited from appealing, it would have no recourse to challenge the propriety of ILC in any given case. Id. The same is true here. Accordingly, there is a final appealable order.
{¶ 8} R.C. 2951.041 provides a mechanism by which a defendant, who has committed specified crimes, because of chemical abuse, may seek rehabilitative intervention in favor of a criminal conviction. This statute represents the legislature's determination that in such cases it is better to focus on, and treat, the root causes of the crime rather than just punish the resulting violation. See State v. Stanovich , 173 Ohio App.3d 304, 2007-Ohio-4234, 878 N.E.2d 641, ¶ 9 (3d Dist.).
{¶ 9} R.C. 2951.041(A)(1) prescribes how a person must demonstrate to the court that his or her alcohol or drug usage "was a factor leading to the criminal offense" for which ILC is sought. The statute grants the court discretion whether to entertain the defendant's request for ILC. Id. If the court decides to consider the request, the statute gives the court further discretion to accept or deny it after an eligibility hearing. Id.
{¶ 10} The statute circumscribes ILC eligibility in various ways. See R.C. 2951.041(B). For example, if a person has previously been convicted of certain crimes, such as any felony offense of violence, that person is ineligible for ILC for *120 subsequent otherwise eligible offenses. R.C. 2951.041(B)(1). The statute also excludes specific offenses from ILC, such as Weaver's violations of R.C. 4511.19(A). See R.C. 2951.041(B)(2). Further, the statute precludes ILC for eligible offenses in instances where a person is merely charged with committing certain crimes, including various drug offenses. See R.C. 2951.041(B)(3).
{¶ 11} The state argues that Weaver was precluded from seeking ILC on Counts 1 and 4 because the indictment includes counts that are not eligible for ILC. As noted, the state is correct that Counts 2 and 3 are ineligible because they are both violations of R.C. 4511.19(A). See R.C. 2951.041(B)(2). However, we fail to see how the ineligibility of those offenses prevents Weaver from seeking ILC for his eligible offenses. Nothing in the statute leads us to that conclusion, nor does the state reference any authority that compels us to find as much.
{¶ 12} The state argues R.C. 2951.041 is ambiguous because it refers to the singular "offense" and the plural "proceedings." In subdivision (A)(1), outlining preliminary eligibility considerations, the statute refers to the offense for which the defendant seeks ILC. Subdivisions (C) and (E), on the other hand, refer to the proceedings: subdivision (C) outlines the court's discretion, providing that the court "may then stay all criminal proceedings [pursuant to its ILC terms]," and subdivision (E) directs the court to "dismiss the proceedings" upon successful completion of ILC. We reject the contention that the statute is ambiguous. The Third District squarely addressed and disposed of this argument:
R.C. 2951.041 plainly and unambiguously references "the offense" in the singular throughout, indicating that each count constituting a different crime on the indictment must be analyzed independently for purposes of determining eligibility for intervention. Likewise the phrase "criminal proceedings" in R.C. 2951.041 clearly refers to the proceedings related to the offense in question.
Stanovich , 173 Ohio App.3d 304, 2007-Ohio-4234, 878 N.E.2d 641, at ¶ 15. Moreover, we think the statute makes it abundantly clear that Weaver's violations of R.C. 4511.19 are not among the crimes that automatically disqualify a person from seeking ILC for otherwise eligible offenses. See R.C. 2951.041(B)(3), (8), (10).
{¶ 13} Next, the state argues that granting Weaver ILC for his eligible counts frustrates the purpose of the ILC statute because Weaver will still have convictions for his ineligible counts. We disagree. As the state notes, ILC was designed as "an opportunity for first time offenders to receive help with their dependency without the ramifications of a felony conviction." State v. Ingram , 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, 2005 WL 977820, ¶ 13. We fail to see how Weaver is not such a person to benefit from the statute. He is a first time offender and, upon successful completion of the court's ILC terms, will avoid both a felony and a misdemeanor conviction. The fact that he pleaded guilty to other misdemeanor offenses does not change this.
{¶ 14} We do not read R.C. 2951.041 as requiring the court to deny ILC for Weaver. There is no provision in the statute that commands a court to deny ILC for otherwise eligible violations solely because a person is also charged with violating R.C. 4511.19(A). To the contrary, the statute gives a court discretion to make that determination. See R.C. 2951.041(C) ("At the conclusion of a hearing held pursuant to division (A) of this section, the court shall enter its determination as to whether the offender is eligible for [ILC] and as to whether to grant the offender's request.").
*121 In this case, the court determined that Weaver was eligible for ILC for Counts 1 and 4, and imposed it accordingly. We find no error.
{¶ 15} Judgment affirmed.
TIM McCORMACK, P.J., and PATRICIA ANN BLACKMON, J., CONCUR