[Cite as *State v. Foreman*, 2018-Ohio-1970.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105717

## STATE OF OHIO

### PLAINTIFF-APPELLANT

### vs.

## CHERITA FOREMAN

### DEFENDANT-APPELLEE

## JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-605158-A

**BEFORE:** Celebrezze, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 17, 2018

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Anthony Thomas Miranda
          Adam M. Chaloupka
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender
By:     Jeffrey Gamso
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, brings this appeal challenging the trial court's judgment granting defendant-appellee Cherita Foreman's motion for intervention in lieu of conviction ("ILC"). Specifically, the state argues that the trial court erred by granting Foreman's motion because the indictment alleged that the victims of her offenses included an elderly person or disabled adult and a child under the age of 13. After thoroughly reviewing the record, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

### I. Factual and Procedural History

{¶2} In Cuyahoga C.P. No. CR-16-605158-A, Foreman was charged following a traffic stop on March 27, 2016, in Westlake, Ohio. On April 25, 2016, the Cuyahoga County Grand Jury returned a seven-count indictment charging Foreman with (1) identity fraud, a fifth-degree felony in violation of R.C. 2913.49(B)(2), with a furthermore clause alleging that the victim of the offense "is an elderly person or disabled adult"; (2) identity fraud, a fifth-degree felony in violation of R.C. 2913.49(B)(2); (3) endangering children, a fourth-degree felony in violation of R.C. 2912.22(A), with a furthermore clause alleging that Foreman was previously convicted of endangering children in January 2008 in Toledo Municipal Court; (4) drug trafficking, a fourth-degree felony in violation of R.C. 2925.03(A)(2), with a juvenile specification and a forfeiture specification; (5) possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A), with a furthermore clause alleging that Foreman had money with purpose to use it in the commission of a felony and a forfeiture specification; and (6) - (7) forgery, first-degree misdemeanors in violation of R.C. 2913.31(B)(1). Foreman pled not guilty to the indictment during her arraignment on May 9, 2016.

{¶3} On February 23, 2017, the trial court held a pretrial hearing. Following the hearing, the trial court referred Foreman to the court psychiatric clinic for an examination "in accordance with the provisions of the Ohio Revised Code, 2951.041 drug dependency/intervention in lieu of conviction (drugs/alcohol)[.]"

{¶4} On March 27, 2017, the trial court held a change of plea hearing. The prosecutor acknowledged that the probation department "authorized or approved" Foreman for ILC. (Tr. 3.) However, the prosecutor objected to placement in ILC, arguing that Foreman was ineligible for ILC because one of the victims of her offenses was over the age of 65 and another victim was under the age of 13. The state advised the trial court that the victim of the fraud counts was

approximately 80 years old and that Foreman had a juvenile in her car at the time of the traffic stop that was under the age of 13.

{¶5} Foreman pled guilty to all seven counts as charged in the indictment. The trial court held Foreman's guilty pleas in abeyance and placed Foreman in the ILC program.

{¶6} On April 28, 2017, the state filed the instant appeal challenging the trial court's judgment. The state assigns one error for review:

> I. The trial court erred in granting intervention in lieu where [Foreman] was not eligible for intervention for all counts in the indictment.

## II. Law and Analysis

{¶7} In its sole assignment of error, the state argues that the trial court erred by placing Foreman in the ILC program on Counts 1 and 3 because the indictment to which Foreman pled guilty alleged that the victim in Count 1 was an elderly person or disabled adult, and the victim in Count 3 was a juvenile under the age of 13.

## A. R.C. 2951.041

{¶8} ILC, governed by R.C. 2951.041, is a statutory creation that allows a trial court to stay criminal proceedings and order an offender to a period of rehabilitation if the court has reason to believe that the crimes were committed because of drug or alcohol usage, mental illness, or an offender's intellectual disability. *See* R.C. 2951.041(A); *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 9. R.C. 2951.041 "represents the legislature's determination that in such cases it is better to focus on, and treat, the root causes of the crime rather than just punish the resulting violation." *State v. Weaver*, 8th Dist. Cuyahoga No. 105716, 2018-Ohio-174, ¶ 8, citing *State v. Stanovich*, 173 Ohio App.3d 304, 2007-Ohio-4234, 878 N.E.2d 641, ¶ 9 (3d Dist.).

{¶9} R.C. 2951.041(B)(7), governing eligibility for ILC, provides, in relevant part, that "[a]n offender is eligible for intervention in lieu of conviction if the court finds * * * [t]he alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense."

{¶10} The decision whether to grant a motion for ILC lies within the sound discretion of the trial court, and an appellate court will not reverse the trial court's ruling on a motion for ILC absent an abuse of that discretion. *State v. Alexander*, 5th Dist. Licking No. 17 CA 0039, 2017-Ohio-8828, ¶ 14, citing *State v. Adkins*, 2d Dist. Miami No. 2011 CA 28, 2012-Ohio-4744, ¶ 16. On the other hand, the trial court's interpretation and application of R.C. 2951.041(B)'s eligibility requirements for ILC is a matter of law subject to de novo review. *State v. Boehm*, 5th Dist. Licking No. 16-CA-77, 2017-Ohio-4285, ¶ 17, citing *State v. Fowle*, 5th Dist. Delaware No. 09 CAA 04 0035, 2010-Ohio-586, ¶ 37.

## B. Eligibility

{¶11} As noted above, the state argues that Foreman was ineligible for ILC because the victim of Count 1 was either an elderly person or a disabled adult, and the victim of Count 3 was a juvenile under the age of 13. In support of its argument, the state directs this court to *State v. Duvall*, 2d Dist. Greene No. 2008-CA-80, 2009-Ohio-6580.

{¶12} In *Duvall*, the defendant-appellant was charged with complicity to commit theft from an elderly person. *Id*. at ¶ 1. Appellant filed a motion for placement in ILC. The trial court denied appellant's motion, adopting a psychologist's recommendation that the court deny appellant's request for ILC placement. *Id*. On appeal, the state argued that appellant was not eligible for ILC because the alleged victims of the offense with which she was charged were over

65 years of age. *Id*. at ¶ 2. The Second District held that appellant was ineligible for ILC because the eligibility requirement set forth in R.C. 2951.041(B)(7) was not satisfied. *Id*. at ¶ 5. The court explained that appellant was charged under R.C. 2913.02 with "complicity in theft from an elderly person" and that R.C. 2913.01(CC) defines "elderly person" as "a person who is sixty-five years of age or older." *Id*. at ¶ 5.

{¶13} In the instant matter, as noted above, the furthermore clause in Count 1 alleged that the victim of the identify fraud offense "is an elderly person or disabled adult." Count 3 alleged that the victim of the endangering children offense was born on October 28, 2013. At the time of the March 27, 2016 traffic stop, this victim would have been under the age of 13.

{¶14} After reviewing the record, we find that Foreman was ineligible for ILC on Counts 1 and 3 because the eligibility requirement under R.C. 2951.041(B)(7) was not satisfied. Accordingly, we find that the trial court erred by granting Foreman's motion for ILC on these counts. The state's sole assignment of error is sustained in this respect.

{¶15} Although the state initially appeared to argue that Foreman was precluded from seeking ILC on Counts 2 and 4 through 7 because she was not eligible for ILC on Counts 1 and 3, the state filed a notice of supplemental authority acknowledging this court's holding in *Weaver*, 8th Dist. Cuyahoga No. 105716, 2018-Ohio-174.

{¶16} In *Weaver*, the defendant was charged in a four-count indictment with two counts for which he would be eligible for ILC, improperly handling firearms in a motor vehicle and falsification, and two counts for which he would be ineligible for ILC, driving while under the influence of alcohol, violations of R.C. 4511.19(A)(1)(a) and (d). The defendant pled guilty to all four counts. The trial court accepted the defendant's guilty pleas on the ineligible counts and proceeded to the imposition of sentence. The trial court did not make a finding of guilt on the

eligible counts, but rather placed the defendant in ILC. *Id*. at ¶ 5. On appeal, the state argued that the defendant was precluded from seeking ILC on the eligible counts in the indictment because the indictment also charged him with offenses for which he was ineligible for ILC. *Id*. at ¶ 11. This court rejected the state's argument, concluding that nothing in R.C. 2951.041 supported the proposition that the ineligibility of two offenses in the indictment prevented the defendant from seeking ILC for the eligible offenses. *Id*. This court explained that "[t]here is no provision in [R.C. 2951.041] that commands a court to deny ILC for otherwise eligible violations solely because a person is also charged with violating R.C. 4511.19(A). To the contrary, the statute gives a court discretion to make that determination." *Id*. at ¶ 14.[1]

{¶17} In this case, a review of the indictment reflects that the only ineligible offenses with which Foreman was charged were Counts 1 and 3. Foreman's ineligibility on these two counts, however, did not require the trial court to also deny ILC for the other counts in the indictment for which she was eligible. Accordingly, the trial court's judgment granting Foreman's motion for ILC on Counts 2 and 4 through 7 is affirmed. The state's sole assignment of error is overruled in this respect.

### III. Conclusion

{¶18} After thoroughly reviewing the record, we find that Foreman was ineligible for ILC on Counts 1 and 3. Accordingly, the trial court erred by granting Foreman's motion for ILC on these counts. The trial court's judgment granting Foreman's motion for ILC and holding her guilty pleas on Counts 1 and 3 in abeyance is reversed. This case is remanded to the trial court for adjudication of guilt and imposition of sentence on Counts 1 and 3 only.

---

[1] Pursuant to R.C. 2951.041(B)(2), an offender is not eligible for ILC for operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A).

**{¶19}** The trial court's judgment granting Foreman's motion for ILC on Counts 2 and 4 through 7 is affirmed.

**{¶20}** Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR