**[Cite as *State v. Wilson*, 2020-Ohio-6770.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-249B |
| | : | |
| JOSHUA M. WILSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, OH 45502
        Attorney for Plaintiff-Appellee

SCOTT DAVIES, Atty. Reg. No. 0077080, 7416 Waterway Drive, Waynesville, Ohio 45068
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  Joshua M. Wilson appeals from his conviction of one count of aggravated possession of drugs.

{¶ 2}  On April 22, 2019, Wilson was indicted for two offenses: aggravated trafficking in drugs, in violation of 2925.03(A)(2), a felony of the third degree; and aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree.   At his arraignment on June 27, 2019, Wilson pled not guilty to the charged offenses.

{¶ 3} On December 11, 2019, as part of a plea agreement, Wilson pled guilty to the count of aggravated possession of drugs as charged in the indictment.   In exchange for his guilty plea, the State dismissed the aggravated trafficking count included in the indictment.   On January 6, 2020, Wilson filed a memorandum in support of an ILC (intervention in lieu of conviction) disposition or probation.   On January 8, 2020, the trial court sentenced Wilson to jail for a period of 180 days, with credit for 111 days served; the trial court also imposed community control sanctions for a period of three years.   By sentencing Wilson to a jail term and community control sanctions, the trial court implicitly overruled his motion for ILC without a hearing.   Wilson filed a timely notice of appeal on January 29, 2020.

{¶ 4} Wilson's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review.

In an *Anders* review, we are required to decide "after a full examination of all the proceedings," whether an appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. *See also Penson*

*v. Ohio*, 488 U.S. 75, 84-85, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Issues are not frivolous simply because the State "can be expected to present a strong argument in reply." *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue will lack arguable merit "if on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4.

*State v. Ojezua*, 2d Dist. Montgomery No. 27768, 2018-Ohio-3812, ¶ 19.

{¶ 5} Wilson's appointed counsel asserts the following potentially meritorious assignment of error for our review:

WHETHER THE TRIAL COURT ERRED BY DENYING WILSON'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION.

{¶ 6} ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol use, mental illness, or being a person with an intellectual disability was a factor leading to the criminal behavior. *See* R.C. 2951.041(A); *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 9.

"In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (referring to a previous, but similar, version of R.C. 2951.041). * * * ILC is not

designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction. *State v. Ingram*, Cuyahoga App. No. 84925, 2005-Ohio-1967, 2005 WL 977820, ¶ 13.

*Massien* at ¶ 10.

{¶ 7}  R.C. 2951.041(A)(1) provides that "[t]he court may reject an offender's [ILC] request without a hearing."  However, "[i]f the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible ... for [ILC] * * *."  "If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for [ILC] and recommending an appropriate intervention plan."  *Id.*

{¶ 8} We have stated that, since a defendant does not have a right to an ILC hearing, a trial court's decision not to conduct a hearing does not "affect a substantial right" and, as such, "is not subject to appellate review." *State v. Stanton*, 2d Dist. Montgomery No. 25298, 2013-Ohio-1825, ¶ 13, citing *State v. Rice*, 180 Ohio App.3d 599, 2009-Ohio-162, 906 N.E.2d 506 (2d Dist.).  An exception has been made to this rule regarding appealability where a court adopts a blanket policy or practice not to consider ILC motions, but that exception is not applicable here. *See Rice* at ¶ 17.  The decision whether to grant a motion for ILC lies within the trial court's sound discretion, and an appellate court will not reverse the trial court's ruling absent an abuse of that discretion. *State v. Adkins*, 2d Dist. Miami No. 2011-CA-28, 2012-Ohio-4744, ¶ 16.

{¶ 9} The issue in this appeal is whether the trial court "considered" Wilson's ILC motion.  We have stated that the R.C. 2951.041(A) language is "inartful, as a trial court,

by definition, 'considers' an offender's request for ILC by making *any* ruling." (Emphasis sic.) *State v. Branch*, 2d Dist. Montgomery No. 25261, 2013-Ohio-2353, ¶ 12.

> * * * [S]ince ILC is dependent upon the R.C. 2951.041(B) eligibility requirements being met, * * * consideration of an ILC motion occurs when the trial court reviews, that is considers, the eligibility requirements. This conclusion is consistent with the statutory language that the ILC hearing is conducted to determine a defendant's ILC eligibility. Such consideration triggers the necessity for a hearing so that the defendant and the State of Ohio may be heard regarding the eligibility requirements and, assuming eligibility, whether the ILC motion should be granted.

*State v. Miles*, 2017-Ohio-7639, 97 N.E.3d 859, ¶ 12 (2d Dist.).

{¶ 10} Here, the record establishes that the trial court did not consider Wilson's ILC motion before imposing sentence. As previously stated, on January 6, 2020, Wilson filed a "Memorandum in Support of an ILC Disposition or Probation." In the time between the filing of Wilson's ILC motion and his sentencing, the record does not indicate that the trial court ordered an assessment of Wilson or otherwise considered his eligibility for ILC in any journal entries or other filings. Significantly, at the sentencing hearing, the trial court made no mention of Wilson's ILC request before imposing sentence. Accordingly, since the trial court did not consider Wilson's ILC motion, it was not required to conduct a hearing before implicitly overruling the motion. Furthermore, pursuant to R.C. 2951.041(B)(2), Wilson was statutorily ineligible for ILC upon a plea to a felony of the third degree. Therefore, we conclude that Wilson's potential assignment of error lacks arguable merit.

{¶ 11} Since the *Anders* brief and our independent review of the record disclose no meritorious issues upon which to base an appeal, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Scott Davies
Joshua M. Wilson
Hon. Richard J. O'Neill